**SKELTON LEAD & ZINC CO. v. HARR, Sheriff.**

No. 13936—Opinion Filed June 24, 1924.

Rehearing Denied Nov. 18, 1924.

**1. Taxation—Liability—Exemption of Federal Agency.**

The source of a federal agency being in the federal government does not force the conclusion that the means by which the agency is exercised is a part of the same and not subject to state authority for taxation.

**2. Same—Idle Lead and Zinc Mill on Restricted Indian Land.**

The principal question presented by the appeal is whether or not an idle lead and zinc mill on restricted Quapaw Indian allotment, under lease approved by the Secretary of the Interior, according to provisions of 30 U. S. Stat. at L. 72, is subject to ad-valorem tax under state law. Held, under the facts of this case, such mill is subject to the tax.

**3. Same—Liability for Ad Valorem or Gross Production Tax.**

In determining whether or not a mill is idle and no longer subject to gross production tax and subject to ad valorem tax, the facts and circumstances as to the operation and the last payment of gross production tax, the facts as to intention and good faith to continue operation or to abandon the plant and the rule of reason applied in the particular case as announced in Pelham Petroleum Co. v. North, 78 Okla. 39, 188 Pac. 1069, are all to be considered in the particular case.

**4. Same—Gross Production Tax—Federal Agency—Decisions Controlling.**

The principles announced in the cases of In re Skelton Lead & Zinc Co.'s Gross Production Tax 1919, 81 Okla. 134, 197 Pac. 497, and In re Protest Bendelari Gross Production Tax, 1919, 82 Okla. 97, 198 Pac. 606, and as upheld by U. S. Express Co. v. Minnesota, 223 U. S. 335, 56 L. Ed. 459, are controlling in construing the validity of the gross production tax law in its application to property under a federal agency.

**5. Same—Disposition of Cause.**

The evidence examined, and held, not sufficient to support the judgment of the court as to plaintiff's mill No. 3, and the cause should be reversed for new trial.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County: S. C. Fullerton, Judge.

Action by Skelton Lead & Zinc Company, a corporation, against Neil Harr, Sheriff of Ottawa County. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

Vern E. Thompson and M. W. Hinch, for plaintiff in error.

A. L. Commons, Co. Atty., and John H. Venable, Asst. Co. Atty., for defendant in error.

Opinion by THREADGILL, C. The Skelton Lead & Zinc Company was a domestic corporation operating lead and zinc mines on restricted lands of members of the Quapaw Tribe of Indians in Ottawa county, under leases approved by Secretary of the Interior, pursuant to the acts of Congress in such cases made and approved and Neil Harr was sheriff of Ottawa county.

It appears from the record that during the years 1920 and 1921, the plaintiff owned five lead and zinc mines or plants on allotments of Zohn Douthitt and Mary Calf, members of said tribe of Indians, the mines or mills being numbered as 2, 3, 5, 6 and 7. Plaintiff paid its gross production tax on the mines Nos. 2, 5 and 7 for the years 1920 and 1921, and on mine No. 3, the gross production tax for 1920, was as follows: January 31, $48.53, April 30, $206.42, and July 29, $172.45, and for the year 1921, April 28, $149.98; but mill No. 6, did not operate these two years and no tax of any character was paid on same. The taxing officials of Ottawa county levied an ad valorem tax against each one of these five mines in the sum of $324.20, for the two years, 1920 and 1921, and tax warrants were issued and placed in the hands of the sheriff for execution and this action was brought by the plaintiff September 7, 1922, to restrain the sale of the property or any part of same to satisfy these tax levies. The cause was tried to the court and upon the undisputed facts as above stated the court rendered judgment enjoining the sale under the tax warrants against the mines Nos. 2, 5, and 7, and declaring same null and void, and denying the restraining order against the tax warrants for mills Nos. 3 and 6, and declaring them valid and subsisting against said property, and from this judgment as to the tax warrants against mines Nos. 3 and 6, the plaintiff has appealed by petition in error and case-made, urging its assignments of error under three propositions, the first being as follows:

"The leases and plants involved and the plaintiff as the lessee, owner and operator thereof, are instrumentalities and agencies of the government of the United States,

through which it is discharging its duties to the Indians, and exercising its governmental powers and functions, and are instruments and means employed by Congress to carry into effect the powers conferred upon it by the federal government."

In support of this proposition plaintiff cites the following cases: 'Railway Co. v. Harrison, 235 U. S. 292, 59 L. Ed. 234; Indian Territory Illuminating Oil Co. v. Oklahoma, 240 U. S. 522, 60 L. Ed. 779; Large Oil Co. v. Howard, 248 U. S. 549.

These cases sustain the proposition that a federal agency cannot be taxed by state authority and they might be used in support of defining the agency, in a case consisting of the leases, and the lessee through which the government discharges its duties to the restricted Indians, its dependent wards, but not in support of that part of the proposition that the mines or plants involved are a part of the agency. The agency might exist apart from the property owned by the private citizen and for the purpose on his part of putting the agency into action to accomplish the purpose of the agency. If the federal government owned the agency and controlled the agent and owned the property to be used in executing the agency, we would have a state of facts applicabbe to the proposition stated by the plaintiff, but the facts of the case we are considering are similar to a national bank as a federal agency. The charter and specie are not subject to be taxed under state law, but the building and ground owned by the bank and used in operating its business are not a part of the agency exempt from taxation. The same is true as to the post office agency, where the government furnishes the agent and private persons furnish the house and grounds where the agency functions. The house and grounds would not be a part of the agency exempt from taxation. The source of the agency being in the federal government does not force the conclusion that the means by which the agency is exercised is a part of the same and, therefore, not subject to state authority for taxation.

Plaintiff's second proposition is as follows:

"Where the federal agency cannot be taxed, or in other words, the source cannot be taxed, then the means for carrying into effect the purposes for which the agency was created cannot be taxed."

Plaintiff cites in support of this proposition the following authorities: Indian Territory Illuminating Oil Company v. State

of Oklahoma, 240 U. S. 522; Pollock v. Loan & Trust Company, 157 U. S. 429, 158 U. S. 601; Gillespie v. State of Oklahoma, 66 Law Ed. (U. S.) 338.

The first case cited involved the right of the state to assess and collect tax on the value of all the property connected with the oil and gas lease on restricted Indian land, including the value of the lease, and it was held that this could not be done.

The second case, being about the longest case reported in the United States Reports, held the law under consideration unconstitutional because of that part providing for taxes on real estate, not being imposed by the rule of apportionment, according to the representation of the states, and that part imposing tax on the bonds and securities of the several states, and upon the bonds and securities of their municipal bodies, and upon salaries of United States judges, as being beyond the power of Congress, and that part which lays duties, imposts, and excises as void, in not providing for uniformity required by the Constitution. The opinion also holds that the original sources for levying the tax on the various properties involved may be inquired into to determine the validity of the tax. The opinion in the case was adhered to on rehearing as reported in 158 U. S. 601.

The third case cited involved the application of the income tax law of this state to the net income arising from sale of lessee's share of oil and gas received from restricted lands of Osage Indians, under leases approved by Secretary of the Interior. The Oklahoma court held in favor of the tax, and this judgment was reversed by the Supreme Court of the United States on the ground that the gross sales could not be taxed, when in addition to the taxes collected on an ad valorem basis, as in C., O. & G. R. Co. v. Harrison. It is obvious that these cases do not apply to the case at bar.

2. There is but one simple question to determine in the appeal and that is whether or not an idle lead and zinc mill, placed on restricted Quapaw Indian allotment, under lease approved by the Secretary of the Interior, according to the provisions of 30 U. S. Stat. at L. 72, is subject to ad valorem tax under state law.

There is no controversy as to the judgment of the court in favor of plaintiff for the mills Nos 2, 5 and 7. The evidence was that these mills operated continuously during the two years, 1920 and 1921, and the gross production tax was paid on them quarterly as

provided by the statute, and the court held that as this tax was paid under the provision of the statute, that it should be in lieu of all other taxes and there was nothing due under the ad valorem method and, therefore, the tax warrants for ad valorem taxes for the two years in the hands of the sheriff were illegal and void.

3. We think under the evidence showing that gross production tax was paid for three-quarters of the year 1920, and for one-quarter of the year 1921, on mill No. 3, that plaintiff was entitled to judgment for this mill. Where the evidence shows good faith, in operating and paying taxes under the gross production method for part of the year, and there is no abandonment of the lease and no abandonment or intention to abandon permanently the development and operation of the mill, the payment on the production for the time operated tolls the statute against ad valorem taxes for the year. The facts and circumstances are to be taken into consideration in each particular case and the rule of reason applied as announced in the case of Pelham Petroleum Company v. North, 78 Okla. 39, 188 Pac. 1069.

It is conceded and the evidence shows that mill No. 6 was not operated during the two years, 1920 and 1921, and the court very properly held that this mill was subject to the ad valorem tax under the general tax provision of the state.

4. Plaintiff's propositions and argument are broader than the particular question involved. It contends that all the property, the five mills or plants, are exempt from all state methods of taxation; that the gross production tax paid by it was invalid and the property was not subject to ad valorem taxation. The question as to the validity of the gross production tax has been settled by this court and the constitutionality of the law in its application to the production from leases on restricted Indian lands upheld in the case of In re Skelton Lead & Zinc Company's Gross Production Tax for 1919, 81 Okla. 134, 197 Pac. 497, and In re Protest Bendelari, Agent, Gross Production Tax, 1919, 82 Okla. 97, 198 Pac. 606, and the principles involved have been upheld by the Supreme Court of the United States in U. S. Express Company v. Minnesota, 223 U. S. 335, 56 L. Ed. 459.

Plaintiff does not cite any authority or give any good reason for setting these decisions aside, and we are unable to find any that have not been considered by this court in the cases above cited, and we must, therefore, adhere to the principles enunciated in the Skelton and Bendelari Cases, and hold against the plaintiff's contention as to the application of the gross production method as well as the ad valorem method of taxation under the facts of the instant case.

5. In view of the fact that we do not think the evidence is sufficient to support the judgment of the court as to plaintiff's mill or plant No. 3, the plaintiff is entitled to a new trial, that all the facts and circumstances as to the operation of this mill and the payments of the gross production tax for 1920 and 1921, may be brought out and considered and judgment rendered accordingly. We, therefore, recommend that the cause be reversed for a new trial not inconsistent with the views expressed in this opinion.

By the Court: It is so ordered.